**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Zuniga and David M. Reaves, | No. CV-15-1978-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Fiesta Pediatric Therapy Incorporated, Beth Williamson, and Randy Williamson, | |
| Defendants. | |

Counterdefendant/Plaintiff ("Zuniga") has moved to dismiss the three counterclaims brought by Counterclaimants/Defendants ("Fiesta"). (Docs. 56, 58) The counterclaims are: 1) violating the Computer Fraud and Abuse Act ("CFAA"), 2) breach of the duty of loyalty, and 3) misappropriation. (Doc. 56 at 13-14) The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 8)

The parties do not dispute that all of the claims in the Amended Complaint and the Amended Counterclaim stem from Zuniga's employment by Fiesta and her actions involving Fiesta's information after she separated from employment. (Docs. 14, 56) The dispute is whether this is sufficient to establish the Court's jurisdiction over the counterclaims.[1]  On its face, the employment relationship between Zuniga and Fiesta provides a sufficiently common nucleus of operative fact to support the Court's jurisdiction over the counterclaims. Notably, neither of the parties has explained why or

---

[1] Both sides cite and distinguish cases that analyze jurisdiction but none of them are binding precedent. (Docs. 58, 61, 63) The only precedential cases cited by either party involved facts that are so divergent to this case as to be practically irrelevant.

1  how they will be prejudiced by proceeding with all claims together.  Zuniga advances
2  possible Congressional interests; such as those cited in *Gagnon v. United Technisource,*
3  *Inc.*, 607 F.3d 1036, 104 (5th Cir. 2010), and *Brennan v. Heard*, 491 F.2d 1, 4 (5th
4  Cir.1974), *rev'd on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108
5  S.Ct. 1677, 100 L.Ed.2d 115 (1988).  To be sure the Fifth Circuit has such a body of case
6  law that disfavors the "clutter[ing]" of FLSA cases "with the minutiae of other employer-
7  employee relationships [that] would be antithetical to the purpose of the Act", *Brennan* at
8  p. 4., but the Ninth Circuit does not.

9      Zuniga refers in passing to additional discovery from the Counterclaims but does
10 not provide any additional explanation to support this argument.  (Doc. 58 at 3)  Instead,
11 it appears that these claims involve the same witnesses and the same, or similar,
12 documents.  Zuniga further argues for dismissal because the claims in the Complaint will
13 be decided in a jury trial and the Counterclaim will be decided in a bench trial.  (Doc. 58
14 at 3, Doc. 63 at 5)  Wise case and trial management can forestall any problems of this
15 nature. Accordingly, jurisdiction over the Amended Counterclaim is appropriate as a
16 prudent exercise of the Court's original jurisdiction over the CFAA claim and a prudent
17 exercise of its discretionary supplemental jurisdiction over the other two, state law
18 counterclaims.

19     Zuniga also attempts to argue the merits of the CFAA claim.  (Doc. 58 at 8-10)
20 This attempt—unsupported by anything beyond counsel's allegations—is unavailing.
21 Zuniga also raises arguments and seeks alternative forms of relief for the first time in the
22 reply which the Court will not entertain.  *Eberle v. City of Anaheim*, 901 F.2d 814, 818
23 (9th Cir. 1990) (the Court will not consider a new issue raised for the first time in a reply
24 brief).   (Because the Court will not consider these extraneous issues it will deny
25 Defendants' Motion to Strike (Doc. 64) as moot.)

26     Finally, the Court notes one of the only areas where the parties agree is that the
27 lawyers' fees in this matter outweigh Zuniga's damages claim by a ratio of approximately
28 10-to-1.  (Doc. 63 at 17)  The parties are reminded of the availability of the Court's

settlement conference process and further reminded that the Arizona State Bar expects lawyers to act honorably not zealously. Ariz. St. Supreme Ct. R. 42 Preamble at [9]. *See also Safeway Ins. Co., Inc. v. Guerrero*, 83 P.3d 560, 572, n. 10 (Ariz. App. 2004), *overturned on other irrelevant grounds*.

In order to facilitate a professional, courteous, and civil tenor for the remainder of this case, the Court is inclined to make itself available to telephonically attend all future depositions. Accordingly, the Court must be timely informed of all depositions and any change to the docketed Notices of Deposition; the docket currently shows a deposition scheduled for September 22, 2016, at 9:00 am at the Jaburg &Wilk offices. (Doc. 59) The Court will make every effort to keep its calendar flexible during the times noticed for depositions so that it can be available if necessary. Also, given the tenor of some of counsels' correspondence, the Court gives this notice that it may in the future require that it be copied on all non-Rule 408 written and email correspondence between counsel related to this case.

**IT IS THEREFORE ORDERED** denying Counterdefendants' Motion to Dismiss All Counterclaims. (Doc. 58)

**IT IS FURTHER ORDERED** that counsel keep the Court informed of the current deposition schedule.

**IT IS FURTHER ORDERED** denying Counterdefendants' Motion to Strike as Moot. (Doc 64)

Dated this 16th day of September, 2016.

_____
David K. Duncan
United States Magistrate Judge