1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanne Zuniga, et al., | No. CV-15-1978-PHX-DKD |
| Plaintiffs, | |
| v. | **ORDER** |
| Fiesta Pediatric Therapy Incorporated, et al., | |
| Defendants. | |

Plaintiff Joanne Zuniga, the prevailing party at a bench trial, has applied for attorneys fees. (Doc. 193) This matter is now fully briefed. For the reasons explained below, the Court will award the requested fees.

**Standard of Review**

The Fair Labor and Standards Act ("FLSA") requires an award of attorneys' fees to a prevailing plaintiff. 29 U.S.C.§ 216(b); *Christiansburg Garment Co.* v. *EEOC,* 434 U.S. 412, 415 n.5 (1978). To determine an appropriate award, the Court starts with the lodestar calculation—the reasonable number of hours spent times a reasonable hourly rate—and adjusts using any of the following factors that have not already been included in the calculation:

1. The time and labor required;
2. The novelty and difficulty of the questions;
3. The skill requisite to perform the legal services properly;
4. The preclusion of other employment due to acceptance of the case;

5. The customary fee;

6. The contingent or fixed nature of the fee;[1]

7. The limitations imposed by the client or the case;

8. The amount involved and the results obtained;

9. The experience, reputation, and ability of the attorneys;

10. The undesirability of the case;

11. The nature of the professional relationship with the client; and

12. Awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975). The fee application was revised to include time incurred after the application was filed and in response to an error noted by Defendants. (Doc. 198)

**Untimely Motion**

Defendants argue that Plaintiff is not entitled to any fees because the fee application was untimely. (Doc. 195) Plaintiff filed a Notice of Late filing stating that the motion was untimely because of technological problems and that it had been timely conveyed to Defendants. (Doc. 194) Because it was timely provided to Defendants, the Court cannot perceive any prejudice to Defendants in preparing a response and Defendants have not argued that they were in any way prejudiced by Plaintiff's procedure to work around their technological problems. As a result, the Court will accept the untimely filing.

However, the Court will not require Defendants to pay fees related to the untimely filing since that was entirely caused by Plaintiff's counsels' technological problems. Accordingly, the Court will reduce Plaintiff's fee request by $110.00, the amount billed to "Draft Notice of Late Filing of Motion for Fees and Costs." (Doc. 198 at 310)

**Analysis of *Kerr* Factors**

<u>The time and labor required</u>. Plaintiff's claim was a straightforward one but this matter was anything but straightforward.

---

[1] Plaintiffs do not use this factor in their fee application and so the Court will not consider it.

<u>The novelty and difficulty of the questions</u>.  FLSA claims are not novel or difficult.  However, the Court acknowledges that Defendants veered this matter into other terrain including bankruptcy, community property, HIPPA, and the fluctuating work week.  Moreover, this matter was further complicated by the fact that Defendant paid Plaintiff twice a month, not every two weeks.

<u>The skill requisite to perform the legal services properly</u>.  Again, this matter was more complicated than other FLSA cases.

<u>The preclusion of other employment due to acceptance of the case</u>.  The Court understands that Plaintiff's counsel could not accept other work because of the time required to work on this matter.

<u>The customary fee</u>.  Counsel for Defendants wrote to counsel for Plaintiff and stated that they did not object to hourly rates, between $195 and $275 for Jeff Silence and between $400 and 450 for Kraig Marton.  (Doc. 193 at ¶ 21)  Because the Court agrees that these rates are within the customary range for attorneys of their experience in this market, this agreement will stand.

<u>The limitations imposed by the client or the case</u>.  Counsel for Plaintiff stated that this case was similar to all cases in that there were time limitations.  The Court concludes that this factor is not applicable here.

<u>The amount involved and the results obtained</u>.  Plaintiff prevailed on her claim and testified that the amount at issue was significant for her.

<u>The experience, reputation, and ability of the attorneys</u>.  Plaintiff's counsel have submitted unrebutted declarations about their experience in employment law matters.[2] (Doc. 193 at 17-49)  The Court will accept these in support of this factor.

<u>The undesirability of the case</u>.  FLSA fees are mandatory because individual cases have, by their nature, a small recovery.  Accordingly, this factor is included in the mandatory nature of the fee award.

---

[22] Wisely, Plaintiffs have not sought fees for detours in this case which, with their experience, they should have known to avoid.

- 3 -

<u>The nature of the professional relationship with the client</u>.  Counsel has represented Plaintiff since the initiation of this litigation and avows that they do not expect to represent her in the future.

<u>Awards in similar cases</u>.  Binding precedent confirms that, in similar cases, the fee award has dwarfed Plaintiff's recovery.  *See, e.g., Avila v. L.A. Police Dep't,* 758 F.3d 1096, 1105 (9th Cir. 2014) (damages were $50,000 and fee award was $579,000); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012); *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1468 & 1473 (9th Cir. 1983) (damages were $18,455 and fees award was $100,000).

## Reductions

Defendants argue that Plaintiff is not entitled to fees incurred for an injunction against harassment.  (Doc. 195 at 3)  The Court agrees.  Even if that skirmish was related to this matter, this Court is awarding fees under jurisdiction conferred by the FLSA.  Plaintiffs have not cited to any authority conferring pendant jurisdiction and the Court knows of none.  Accordingly, the fee award will be reduced by $5,345.50.

Next, the Court notes that Plaintiff filed, and then withdrew, a "Motion for Production of Billing Documents."  The Court will not award fees against Defendants for this.  Accordingly, the Court will reduce the fee award by $192.50, the amount incurred by this excursion.  (Doc. 198 at 310)

Plaintiff has already reduced her fee request because of typographical error noted by Defendants.  (Doc. 198 at 16-17)  The Court concludes that Defendants other objections are unsupported by case law or citations to the records and are not well taken.  (Doc. 195)

## Amount Awarded

Plaintiff seeks $328,562.36 in fees and non-taxable costs.  (Doc. 198 at 2)  As noted above, this will be reduced by a total of $5,648.00.  Therefore, the Court concludes that Plaintiff is entitled to an award of $322,914.36.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded $322,914.36 in fees and non-taxable costs.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 22nd day of June, 2018.

_____
David K. Duncan
United States Magistrate Judge